QUESTION:
Can property which is subject to an easement held by the Oklawaha Basin Recreation and Water Conservation and Control Authority [the authority] be exempt from ad valorem taxation?
SUMMARY:
Real property which is otherwise not exempt from ad valorem taxation is not exempt by virtue of being subject to an easement held by the Oklawaha Basin Recreation and Water Conservation and Control Authority or other governmental unit.
Assuming that the property would not otherwise be entitled to an exemption, the granting of an easement to the authority does not qualify the property for an exemption. Your question must, therefore, be answered in the negative.
Chapter 29222, 1953, Laws of Florida, a special or local act, created the authority, and s. 21 provides: "That all real and personal property owned, leased, controlled or used by the Authority shall be exempt from all county, municipal, taxing district and other ad valorem taxes and special assessments for benefits."
The tax exemption provided by the above-quoted provision was repealed by s. 14 of Ch. 71-133, Laws of Florida: "All special and local acts or general acts of local application granting specific exemption from property taxation are hereby repealed to the extent that such exemption is granted. . . ."
Property which is owned by the authority and used by it for the purposes authorized in Ch. 29222, 1953, Laws of Florida, is immune from taxation, AGO 073-437; however, property which is not owned by the authority, but is only subject to an easement held by the authority, is not immune or exempt from taxation. An easement is an interest in land, as is a leasehold; however, it is a right distinct from the ownership of land and cannot be considered an estate in land or the equivalent of ownership of the fee. See 11 Fla. Jur. Easements ss. 2 and 4 (1957), and 3 Powell, Real Property, s. 405.
In AGO 072-276, the question presented was whether privately owned land which is leased to a municipality for municipal purposes is entitled to exemption from ad valorem taxation, and it was my opinion that:
"When a private individual or entity leases for a profit property which it owns, such is not "use" of the property by such lessor for which a tax exemption may be granted. This must be so regardless of the status of the lessee (a municipality, or other governmental unit) or the use to which such lessee puts the property. Section 196.199(1), F.S., is in accord, granting tax exemption only to property owned and used by governmental units."
The above analysis is equally applicable where the governmental unit has acquired an easement, rather than a leasehold, in property which is not otherwise exempt or immune from taxation.
While the point was not specifically raised by your question, it should be noted that Homer v. Dadeland Shopping Center,229 So.2d 834 (Fla. 1969), held that it was improper for the tax assessor to exclude the value of an easement in assessing at the assessment valuation of the fee. "It is elementary that the tax assessment valuation must include all interests in the property except when the Legislature authorizes the assessment of separate interests."229 So.2d at 837.